Hearing you, hearing you, this Honorable Appellate Court for the 2nd District is now open. The Honorable Justice Catherine E. Zinoff presiding, along with Justice Mary S. Shostak and Justice Donald C. Hudson. The case is No. 2180151, People of the State of Illinois, Plaintiff-Appellee v. Twycon R. Fane, Defendant-Appellant. Arguing for the Appellant, Darren E. Miller. Arguing for the Appellee, Stephen Rogers. Okay, um, okay, um, all right, um, you know, um, go ahead, uh, Mr. Miller. Thank you. Okay, thank you, Your Honor. Good morning. May it please the Court, my name is Darren Miller and I'm with the Office of the State Appellate Defender, and I represent Twycon Fane, the Defendant-Appellant. Um, Your Honors, this case involved a home invasion and various other offenses in which Mr. Fane was found guilty after a trial by jury. Um, the home belonged to an elderly lady named Mrs. Modlinger. Uh, the defense of trial was that a Mr. McGee committed the crime with, uh, James Beals and not with the defendant, Mr. Fane, and we raised two issues on appeal. I'll just quickly address the, uh, Zaire 431 issue, the state acknowledges that clear error occurred because one panel, one potential panel of the jury was prospective jurors were not, um, admonished with the 431B requirements. So the only issue for that, um, particular issue is whether the evidence is closely balanced under the plain error rule. Um, since I also have to establish prejudice under the other argument, I'll just save that for the end of the argument I'm talking about, the, uh, accomplice instruction issue. Um, moving on to the accomplice instruction issue, I think what we have to do is look at what IPI 3.17 says and requires, and the instruction itself specifically requires that the witness must implicate the defendant. And if you look at the IPI, it says when a witness says he was involved in the commission of the crime with the defendant, uh, the testimony is subject to suspicion and caution. Um, but here McGee never, um, implicated the defendant. So 3.17 is not applicable. Um, so what the court, trial court did was it issued some, uh, modified version of 3.17. I'd also like to point out to the court that in my brief, for some reason, which I still can't figure out, I misquoted the, uh, modified IPI in my statement of facts, um, the state's brief correctly quotes it. I don't think it really makes a substantive difference in my argument, but I wanted the court to be aware of that. Um, and the, the instruction that was given to the jury was one, a witness says he participated in the commission of a crime in which the defendant was charged. You can consider it as testimony of suspicion and caution. So it does not require, um, under that instruction does not require the witness to implicate the defendant, which is contrary to 3.17 accomplice instruction. And if you look at the history of these cases, um, starting with God in the second district, um, that was pre Rivera and this court reversed because the witness did not implicate the defendant and the IPI 3.17 wasn't properly given. Um, you look at Rivera itself, which is the Supreme court case, um, that court clarified that 3.17 applies to both defense and state witnesses. We don't dispute that, but it did not eliminate the requirement, um, that it must implicate the defendant. And specifically in that case, the witness previously testified that the defendant committed the crime and implicated the defendant's previous testimony, which was admitted to substantive evidence. So, um, because the defendant, the, what was, um, implicated the 3.17 was proper. And if you look at the post Rivera, which is the case that we cited in our brief slide out ski versus the law ski, I guess it's how you pronounce it. Um, again, it, it requires it, um, implication of the defendant for 3.17 to apply. Um, and, uh, it relied on dad and, uh, it specifically noted that Rivera also required, um, implication of the defendant. Um, so essentially what the state and the court did here, um, and the state wants to do here is to rely on a 40 year old case from the first district, um, and dicta from that case. And actually Jackson was consistent with these other cases. It found that there was error, albeit harmless error to give, um, IPI 3.17 because the witness did not implicate the defendant. But in dicta, uh, the court basically said, well, it wouldn't be inherently unfair if there was a motion to fabricate, to give the instruction that was given in this case. Um, so that case, again, it's, it's Ditka and I'm sorry, dicta, um, from, uh, 40 years ago. Um, and I shepherdied the case. Only five cases have even cited Jackson in the 40 plus years and not one of those case cited it for the proposition that the state urges this court to accept, um, that modified language essentially eliminates the requirement of the IPI that the witness must implicate the defendant, um, for the capitalist liability, the campus instruction to come in. And, uh, we think that it's clear error for that to be modified. Um, a moment, your honors, um, so moving on to the prejudice, the state cannot prove that this error was harmless in this case. Um, this case involved credibility. The witnesses essentially, if the jury had believed McGee's testimony is, um, would have found the defendant not guilty of everything except the misdemeanor, um, resisting charge, um, which the defendant never even disputed that he ran from the police. Um, the circumstantial evidence case, no witnesses placed Mr. Fain inside Ms. Modlinger's house. There was no physical evidence that placed Mr. Fain inside Ms. Modlinger's house. No fingerprints, no DNA. Um, now DNA evidence was admitted, but interestingly enough, the DNA evidence tends to exonerate Fain and not implicate him. Um, under the state's version, uh, the defendant, Mr. Fain had a mask that was a, basically a t-shirt. Um, when he was in the house, he retained it, was chased by the police. And when he was cornered, he tossed it when he was trapped and the police recovered that t-shirt. But under, um, McGee's testimony, he said that he tossed the shirt that was his, the shirt that he was using to Fain, um, because Fain was close to the roof and he wanted him to dump it on the roof. And the DNA evidence tends to prove that because both McGee's DNA evidence, both McGee's DNA  And if McGee had nothing to do with this shirt, his DNA would not have been on the shirt. So the physical evidence actually backs the defendant's case up, which is entirely circumstantial to begin with. And lastly, I'd note that, uh, the body cam footage that the officers add, which was admitted into evidence does show them running, but it does not show the defendant being chased at any time prior to the parking lot. And which is consistent with the version that the defense had that the chase came after the parking lot. So the short of it is that a rational jury could have found McGee to be credible and a rational juror could have found the state to improve its case beyond a reasonable doubt. This court should reverse and remand it for a new trial. Thank you, counsel. Uh, Justice Hudson, do you have questions? Yes. Thank you, Justice Enoff. Good morning, Mr. Miller. Good morning. Mr. Miller, you seem to be arguing that a per se rule exists that the accomplished witness instruction may not be given for a defense witness who gives exculpatory testimony at the trial that the witness actually testifies to. Is that correct? Well, yeah, and I don't think there's really any dispute about that, Your Honor. The instruction itself requires the witness to say he was involved in a crime with the defendant, which is why the court here felt there was a need to alter the instruction, essentially change the law. My question is, though, as you've already mentioned, Rivera. In Rivera, the Supreme Court ultimately approved the giving of the accomplished witness instruction, albeit where the witness's testimony from an earlier trial came in, but the fact was that in Rivera, the witness on the stand did not implicate the defendant in any manner, and yet the Supreme Court approved the giving of the instruction under those circumstances. So how do you square your argument there's a per se rule with the ultimate result in Rivera? Well, because as was found in, I'm forgetting the name of it, Sadlowski, the testimony from the prior, his prior trial did implicate the defendant, so there was testimony there that implicated the defendant. And I also note that they gave the IPI 3.17, so if the defendant was implicated here, then they should have given 3.17, there'd be no need to modify it. If this falls under Rivera, then the court should have given 3.17 just as it did in Rivera. And had they done so, the jury could have found that, well, the witness didn't say he was involved in the crime with the defendant, so we're not even going to view his, the witness's testimony with suspicion and caution. But I see your point, arguably there was inculpatory evidence coming in from the witness, even though it wasn't live, it came in via earlier testimony. I understand the argument. My specific question is, why would we give that fact and circumstance controlling significance in this case? I'm not sure that I follow, Your Honor. Our position is that in Rivera, the defendant was implicated, and the defendant here was not implicated, and it was through that prior testimony where the defendant in Rivera accused the defendant of being one of the perpetrators. All right, thank you. That's all I have at this time. Thank you. Justice Shastak. Thank you, Justice Inoff. You're indicating that this was, this is an entirely circumstantial case, correct? Yes, Your Honor. Yes. So, isn't it, can't the jury make a reasonable inference based upon the circumstances that were testified to, i.e. that McGee was with another man running through the field, somebody in the house called him cuz, the person in the house had like a white mask on his face, both of the men were found together, there were the sticky things on the defendant, I don't know what you, like from the field. I mean, how can a jury, how are we going to reverse a jury in making that reasonable inference? With all of those facts? I'm sorry, are you still speaking, Your Honor? No, with all of those facts, I mean, isn't McGee's version of the events, if you look at all of those facts, I mean, it's really not plausible, isn't it, how is it improper for a jury to come, make him less credible than the other witnesses? I guess is my question. Yes, Your Honor, we're not challenging the sufficiency of the evidence, and there's certainly no doubt about that. But you are, if you're talking about Rule 431, you are challenging the sufficiency of the evidence, aren't you? Well, no, we're not, we're not saying that he wasn't proven guilty beyond a reasonable doubt, we're just saying that a rational, of course a rational jury could have found him guilty, but a rational jury could have also found him not guilty, and that gets into the closely balanced nature of the case, and by the way, for the accomplice instruction, it's the state's burden to prove that it's harmless, it's not our burden. But, yeah, certainly there is evidence that a jury could have, I mean, a state can prove its case from circumstantial evidence, and a jury can find a defendant guilty based on that. Excuse me. But the problem here is that the court specifically improperly told the jurors, instructed the jurors to consider the defendant's main witness, really his only defense, to consider his testimony with suspicion and caution, and that's prejudicial and not appropriate. Is it any different than bias testimony? Than who? Bias testimony, I mean, he was, he, again, he indicates that he was a lifelong appointment, maybe they're not the best friends, somebody said he's a shirt tail relative, I mean, is this any different than bias testimony? Well, I mean, obviously a jury can consider the bias of a witness and any other, in fact they could have considered the prior convictions of McGee in assessing his credibility, but that's different, a court does not specifically instruct a jury to consider that testimony with suspicion and caution, that's improper. And it's only given when there's accomplished testimony, which there wasn't here because there was no implication of the defendant by McGee. Has any court ever overruled the Rivera decision wherein it allowed the court to modify that instruction when there was some, you know, relationship between the two in the... Do you mean Jackson, your honor, or Rivera? Rivera, Rivera. I don't think Rivera got into modifying the IPI, I think in Rivera they, if my recollection is correct, involved using the IPI and they found that there was no problem in using the IPI as written. I believe... You're right, you're right, Jackson is where they modified it. Yeah, yeah, and no, I mean, no case has even addressed it, it's been sitting around for 40 years and it wasn't even a holding in Jackson, again, it was DICTA. The court specifically found in Jackson that it was error to give IPI 3.17 because the witness didn't implicate the defendant. And then DICTA went on to say, oh, well, it's possible in some circumstances that this instruction could be appropriate. I'm trying to find the language, but there was some language... Didn't Rivera modify the instruction? Am I wrong? I thought Rivera modified the instruction. No. I don't believe so, your honor, but I could be wrong. I'm thinking of Jackson, but where we say in here a witness has participated in the Jackson where he also participated, but nobody overruled that decision. Right, but the court found... The court affirmed based because it was... The court found error in Jackson because it gave 3.17 that was not modified, but it found that it was harmless error. So the whole discussion of the modified IPI is just DICTA and it's from basically DICTA from an advisory opinion from 40 years ago that no court since has followed. So there'd be no reason to overrule Jackson because there's no... That's not a legal holding of Jackson. Right, but there's no per se rule regarding this. You have a case that sets a per se rule out about this. I'm not sure I follow, your honor. Our position is that you either give 3.17, which requires implicating the defendant, or you don't give it, that there should be no modification. Yes. Right, right. It's very difficult with the overwhelming evidence it appears to be in this case if you look at the testimony of McGee as being implausible. Yeah. I understand, your honor. I do understand that there's a lot of circumstantial evidence, but the way I kind of think of this is, I don't know if you've ever watched the Brady Bunch, but there was like an episode where Greg threw his coat down on the cedar couch or whatever and a pack of cigarettes fell out and everyone's like, oh, Greg is smoking. And it turns out that the coat was his friend's coat. He mistakenly put it on. My point is that weird things happen and that's the purpose of a trial and that's the purpose of a jury. Right. And it's perfectly rational for a jury to believe this, especially given the DNA evidence. There's no good explanation as to why McGee's DNA would be on the shirts if he had nothing to do with it. So, not only is it a battle of credibility of the witnesses, but that physical evidence actually tends to prove the defense case here. Okay. Okay. Thank you very much. I don't have anything further. Thank you. This is Justice Zinoff. I just have one question. Mr. Miller, don't the IPI instructions now recommend or say that the accomplice instruction can or should be given any time an accomplice testifies? Yes, Your Honor. The committee note does say that. I think that that's, well, the committee note is not law. And I think that's too broad of a reading of Rivera. That's our position. Okay. The law, ever since, every case I found requires the witness to implicate the defendant. Okay. And Rivera did not. Thank you. Okay. I don't have any further questions. At this time then, Mr. Rogers, do you want to go ahead with your argument? Yes, Your Honor. Good morning, Your Honors. Counsel, may it please the court. My name is Stephen Rogers, and I represent the people of the state of Illinois. Your Honors, the state is here this morning to ask this court to affirm defendant's convictions. Your Honors, defendant already went ahead and pointed out that in his initial brief, he was talking about an instruction that was offered but was never given to the jury. The instruction that was actually given is found on the common law record pages 195 and 232. And it read that when a witness says he participated in the commission of a crime with which the defendant is charged, the testimony of that witness is subject to suspicion and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case. And the instruction was read at Report of Proceedings, page 838. And the trial court, in deciding to give this instruction, clearly expressed that the instruction was based on People v. Jackson, which is at Report of Proceedings, page 755. Because the instruction that was recognized in that case fit the facts of this case and complied with the law as set forth in Rivera and Toohey. And specifically in Rivera, the Supreme Court held that no reason is advanced and none is apparent why one who is in fact an accomplice should not have his testimony scrutinized carefully before it is relied on, no matter on which side of the case the individual testified. And so the state's position is that the modification was necessary in this case because the state recognizes that was one of the concerns of this court in Dodd is that if you give the pattern instruction 3.17 in an instance where the witness says that the witness alone committed the crime and the defendant had nothing to do with it, that that instruction could be confusing because the IPI says that the witness says they were involved in the commission of the crime with the defendant. So essentially the trial court eliminated any confusion by saying that the witness in this case, Drayon McGee, stated that he participated in the commission of the crime with which the defendant is charged. And so the trial court's ruling essentially modified the instruction to fit the facts and the law. And I believe with that, I'll briefly touch on the harmless error and closely balanced arguments. The evidence here, while circumstantial, was overwhelming. McGee and defendant are caught four blocks away from the victim's home and within five minutes of when the suspects fled the home. McGee was identified as one of the assailants by Officer Weichel and then Officer Weichel testified that both suspects left out of the east door of the house and then Weichel immediately heard leaves crumbling in that direction and stated that he would have, but did not see anyone traveling west from the house. So McGee's testimony that he and J.B. go opposite directions is implausible because Officer Weichel says he would have saw anyone go the opposite direction. More damning is Corporal Johnson's testimony that he sees defendant and McGee running across the field directly to the west of Provena and this occurred before defendant or McGee saw any police. So they're already fleeing from the direction of the victim's house before they ever see Corporal Johnson. The two did not notice Corporal Johnson until they were crouched down behind a vehicle and that's at the point where they flee into an enclosed area within the Provena grounds. Defendant is apprehended with a white shirt near his face. Defendant's sweatshirt had cuckoos on it indicative of traveling through a wooded area. And McGee's testimony that he throws this white t-shirt at the last second to defendant and then defendant is caught and there's actually a photo from the body cameras really strains credulity. McGee didn't wear this white shirt. His testimony is that he has this white shirt up his sleeve the entire home invasion and so there would really be no reason to make such a great effort to get rid of this piece of evidence when McGee was the one that was unmasked and he was identified. And this is all while the defendant is supposedly fleeing because he's in the area for a drug deal presumably he's got a greater necessity to get rid of drugs than he does the white shirt that was not used in the commission of the offense. And then upon defendant's arrest without prompting, defendant states that his girlfriend's car had been stolen. And even under McGee's testimony McGee had yet to inform defendant that he had just committed a home invasion. So defendant is already stating that his girlfriend's car had been stolen at a point where he doesn't know that McGee has committed any crime. So that would be an odd thing to do if really the car is not implicated or near a crime scene. So there are multiple aspects of D'Aaron McGee's testimony that are simply unbelievable and the state believes this case regardless of the propriety of giving the instruction or the Xer error the evidence in this case was so overwhelming that neither error would warrant reversal. And with that the state requests that this court affirm the convictions and I am open and happy to take any questions. Thank you. Justice Hudson. Yes, thank you. I do have some questions. Thank you, Mr. Rogers. Mr. Rogers, would you acknowledge that in this case the witness, McGee's testimony was completely exculpatory? Would you agree? Yes, your honor. Alright, and doesn't the fact that in the Rivera case the witness had testified adversely to the defendant in a prior trial and that testimony was admitted actually as substantive evidence in the defendant's trial doesn't that make Rivera distinguishable from this case? That's a slight factual distinguishing characteristic but the state's reading of that that went to Norman's credibility who was the witness in Rivera that didn't go to the overall holding that the IPI 3.17 accomplice witness instruction is valid regardless of which side the witness testifies on so even without that fact the state believes Rivera still stands for if a defendant offers an accomplice to testify then that testimony should be considered with suspicion. Well, you would acknowledge again that in Rivera there arguably was evidence that came in from that witness albeit in a different trial that implicated the defendant, correct? Yes, your honor. Alright, let me ask you a more pointed question. Can you call our attention to any cases that have held that it was proper to give the accomplice instruction when the defendant who testified at trial in front of the jury gave completely exculpatory testimony? Do you have any cases that say that? Well, your honor, People v. Jackson would be the closest in that case as the defense noted that IPI 3.17 was given in a situation where the witness fully exculpated the defendant and then that's when Jackson said the proper approach would have been to give the instruction that was given in this case and outside of that, no the state is not aware of a case where the trial court modified it and that was upheld on appeal. No, your honor. How do you respond to, I believe Mr. Miller had stated that that specific holding was dicta in the Jackson case. How do you respond to that argument? Well, it was, your honor, because it was a recommendation, but I think it was a recommendation that fits within the confines of Rivera and Tuohy and so it's persuasive authority for this court. Final question, do you have any cases that have upheld the modification that was given in this case where they changed the language from incriminating to participating? Do you have any cases that have approved that language? No, your honor. All right, thank you, Mr. Rogers. Thank you, Justice Chastok. Do you have questions? Just one question. The Rivera case tells us that whether you inculpate or exculpate the defendant, the same instruction should be given and then let the jurors make that determination, correct? Well, your honor, Rivera stands for give the instruction regardless of whether the defense or the state presents the witness, yes. Right, right, right. Why didn't we do that here and the fact that we didn't do that here, doesn't that prejudice the defendant? No, your honor, and I think as I pointed out and Dodd recognized that when a witness goes up and is clearly an accomplice and that witness says the defendant had no part in the crime, Rivera says that individual's testimony should still be scrutinized regardless of the fact they were offered by the defense and it risks confusion because the person is saying the defendant did not participate. So if we're going to look at their testimony and scrutinize it, then I think the modification is the only way to eliminate confusion. Okay. I'm not going to ask you any questions on 431B. I don't think that you, I think you did concede that it was error for the court not to ask that one panel some questions but you're just admitting it's not plain error, correct? Yes, your honor. Okay, I have no further questions. Thank you. Thank you. Counsel, wasn't McGee's testimony really crucial to the defense because if it was believed, it really would have exonerated the defendant, would it not? Yes, your honor, that was the whole defense case was essentially McGee's testimony. And I mean this couldn't, giving of this couldn't ever be, couldn't really be harmless error when it weakened the testimony that was favorable to the defendant, correct? Not from the state's perspective, your honor. When the witness's testimony is so implausible as it was in this case, then even if the instruction had not been given, I don't think any rational try or fact would have accepted McGee's testimony based on the circumstances and based on the multiple pieces of evidence that directly conflicted with McGee's account of events. Okay. Thank you. I don't have any further questions either. Mr. Miller, do you want to give your rebuttal and reply? Certainly, your honor. One thing I'd like to do is I guess better answer your previous question about the committee note and IPI 3.17 and it does say there in Rivera the Supreme Court held that a countless testimony should be cautiously scrutinized regardless of which side it testifies for. As a result, the committee now recommends that this instruction be given any time a countless testifies not a modified version of that instruction and this instruction as it refers to requires implicating the defendant. So even under the committee notes in thinking about this that's consistent with our argument because that instruction wouldn't be given if there's no implication and the answer isn't well, if the defendant's not implicated then we'll just rewrite the instruction. That's not how this should work. I'd also like to note as far as prejudice again, this is entirely circumstantial and for example, if you compare this to Jackson where they found the error was harmless their two witnesses actually identified the defendant as the offender, as a robber and one of those two witnesses knew the defendant so I mean there was no doubt that he had committed that crime in that case and so unlike this case it was appropriate to find the error harmless in Jackson and I think as one of your honors, I believe Justice Shostak may have been hinting at if Rivera applies then give IPI 3.17 you don't give a modified version of IPI 3.17 if Rivera really stands for the proposition that you give IPI 3.17 whenever a purported accomplice testifies to the defense, then give it and the state kind of by its argument really inherently acknowledges that that's no holding of Rivera and they kind of want to twist the holding of Rivera and lastly I'd want to direct this court to this court's holding in People v. Dodd and where the court noted that it was prejudicial to improperly admit 3.17 because it tended to unfairly discredit the principal evidence favoring the defendant well that's exactly what we have here this instruction improperly told the jury to view the defense main and really only witness that to view his testimony with suspicion and caution and that was not proper and that was prejudicial because it tended to unfairly discredit him and being the principal evidence against the defendant and if there are no other questions I'd ask that you reverse and remand for a new trial thank you thank you, Justice Hudson I do not have any further questions Justice Shostak no questions thank you and I don't have any further questions either at this time then the court would like to thank counsel for their arguments this morning we will take the case under advisement and render a decision in due course at this time then we will consider this oral argument completed thank you very much again counsel have a nice day if you could remain on the line for a moment sure